```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**GERMAIN HERNANDEZ,**

                       **Plaintiff,**

       v.                                       **CASE NO. 07-3198-SAC**

**CORRECTIONS CORPORATION OF AMERICA, et al.,**

                       **Defendants.**

### O R D E R

This matter is before the court on a non-form complaint seeking relief under 42 U.S.C. § 1983, leave to proceed in forma pauperis under 28 U.S.C. § 1915, and appointment of counsel.

Plaintiff states he is an illegal Mexican national immigrant confined in a facility operated by the Corrections Corporation of America ("CCA") in Leavenworth, Kansas.  He seeks emergency review of allegations that his hand was injured during a July 2007 altercation with another prisoner, that he was placed in solitary confinement without medical attention to his serious injuries.  Plaintiff seeks unspecified immediate intervention, and damages for the alleged violation of his rights under the Eighth Amendment.  Plaintiff also seeks damages for discrimination on the basis of race, but presents no clear allegations in support of such a claim.

From the face of the complaint, the court is unable to determine if plaintiff is a "prisoner" as defined by the Prison Litigation Reform Act ("PLRA") enacted in 1996 which significantly amended 28 U.S.C. § 1915 in regards to the filing of a civil action or appeal by a prisoner.  A "prisoner" is defined as "any person

incarcerated or detained in any facility *who is accused of, convicted of, sentenced for, or adjudicated delinquent for violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.*" 28 U.S.C. § 1915(h)(emphasis added).  A civil or INS detainee is not a "prisoner" under the PLRA.  <u>Troville v. Venz</u>, 303 F.3d 1256 (11th Cir. 2002); <u>Ojo v. INS</u>, 106 F.3d 680, 682 (5th Cir. 1997).

This determination of plaintiff's status is significant, as it affects whether plaintiff is subject to the partial fee payments and fee obligation applicable to prisoners filing civil actions in federal court, 28 U.S.C. § 1915(a) and (b), and whether the court is to screen the complaint and dismiss it or any portion thereof that is frivolous or malicious, that fails to state a claim for relief , or that seeks damages from a defendant immune from such relief, 28 U.S.C. § 1915A(a) and (b).

Plaintiff is thus directed to supplement his complaint to clarify this initial matter.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to supplement the complaint to clarify whether he is a "prisoner" as defined by 28 U.S.C. § 1915(h).

**IT IS SO ORDERED.**

DATED:  This 25th day of September 2007 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge