IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GERMAIN HERNANDEZ-CHAVEZ,**[1]

        **Plaintiff,**

    v.                                      CASE NO. 07-3198-SAC

**CORRECTIONS CORPORATION OF AMERICA, et al.,**

        **Defendants.**

**O R D E R**

This matter is before the court on a non-form complaint seeking relief under 42 U.S.C. § 1983, leave to proceed in forma pauperis under 28 U.S.C. § 1915, and appointment of counsel.

Plaintiff states he is an illegal Mexican national immigrant confined in a facility operated by the Corrections Corporation of America ("CCA") in Leavenworth, Kansas. As directed by the court, plaintiff supplemented the record to clarify that he has been charged with federal criminal offenses, and thus satisfies the definition of a "prisoner" under 28 U.S.C. § 1915(h). Accordingly, plaintiff is subject to the provisions of the Prisoner Litigation Reform Act (PLRA) enacted in 1996. Plaintiff's motion for an extension of time to clarify whether is status as a "prisoner" is denied as moot.

Plaintiff did not prepay the $350.00 district court filing fee

---

[1]The court corrects the caption to reflect plaintiff's name in his pending federal criminal proceeding: <u>U.S. v. Hernandez-Chavez</u>, Case No. 06-20159-KHV.

in this matter, and states he has no available assets to do so. Having considered the plaintiff's limited financial records and resources, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4). Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff pursues relief on allegations that his hand was injured during a July 2007 altercation with another CCA prisoner, and that he was placed in solitary confinement without medical attention to his serious injuries. Plaintiff seeks unspecified immediate intervention, and damages for the alleged violation of his rights under the Eighth Amendment. Plaintiff also seeks damages for discrimination on the basis of race, but presents no clear allegations in support of such a claim. The defendants identified in plaintiff's pro se pleadings are CCA, the CCA Warden, the CCA Security Director, an unidentified physician, and an unidentified nurse.

Plaintiff did not submit his complaint on a court approved form. *See* D.Kan. Rule 9.1 (use of court approved forms required by prisoners filing civil rights complaints). The court grants

2

plaintiff additional time to do so.  Because plaintiff appears to be in the custody of the United States Marshal Service while at CCA, plaintiff's pro se complaint is liberally construed as seeking relief under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which established that a victim of a constitutional violation by a federal agent acting under color of federal law has a right to recover damages against that official in federal court.  Accordingly, the clerk's office will be directed to provide plaintiff with a court form for filing a <u>Bivens</u> complaint.[2]  The failure to file an executed form complaint in a timely manner may result in this action being dismissed without prejudice and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that the caption in this matter is corrected by the court to reflect plaintiff's name in his pending federal criminal case.

---

[2] In filing out the form complaint, plaintiff is advised that his allegations must sufficiently identify each defendant's personal participation in the alleged violation of plaintiff's constitutional rights.  *See* <u>Steele v. Fed. Bureau of Prisons</u>, 355 F.3d 1204, 1214 (10th Cir. 2003)("[D]irect, personal participation [is] required to establish <u>Bivens</u> liability."), *abrogated on other grounds by* <u>Jones v. Brock</u>, 549 U.S. 199 (2007).  Also, the Supreme Court has not extended <u>Bivens</u> to include a private right of action for damages against private entities, such as the CCA in this case, engaged in alleged constitutional violations while acting under color of federal law.  <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61 (2001).

Plaintiff is further advised that deliberate indifference to a serious medical need, or delay in necessary medical treatment that results in substantial harm, can state a claim of constitutional deprivation.  <u>Garrett v. Stratman</u>, 254 F.3d 946, 949-50 (10th Cir. 2001).  However, no claim of constitutional significance is stated by the accidental or inadvertent failure to provide medical care, or by a difference of opinion between a prisoner and medical staff as to the adequacy of the medical treatment being provided.  <u>Ledoux v. Davies</u>, 961 F.2d 1536 (10th Cir. 1992).

IT IS FURTHER ORDERED that plaintiff is granted leave to proceed in forma pauperis, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 19115(b)(2).

IT IS FURTHER ORDERED that plaintiff's motion for an extension of time (Doc. 6) is denied as moot.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to supplement his complaint by filing an executed court approved form complaint.

The clerk's office is to provide plaintiff with a form complaint for filing under <u>Bivens</u>.

**IT IS SO ORDERED.**

DATED:  This 25th day of June 2008 at Topeka, Kansas.

                                        <u>s/ Sam A. Crow</u>
                                        SAM A. CROW
                                        U.S. Senior District Judge