IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


GERMAIN HERNANDEZ-CHAVEZ,

                      Plaintiff,

          v.                                CASE NO. 07-3198-SAC

CORRECTIONS CORPORATION OF AMERICA, et al.,

                      Defendants.



                      O R D E R

     Plaintiff, a prisoner confined in a facility operated by the
Corrections Corporation of America ("CCA") in Leavenworth, Kansas,
proceeds pro se and in forma pauperis on a supplemented complaint
seeking relief pursuant to <u>Bivens v. Six Unknown Named Agents of
Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  Plaintiff has
further supplemented the complaint by filing court approved form
complaints for seeking relief under <u>Bivens v. Six Unknown Named
Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and
under 42 U.S.C. § 1983.

     Plaintiff's pending motion for appointment of counsel is
denied.  Plaintiff has no right to the assistance of counsel in this
civil action.  <u>Durre v. Dempsey</u>, 869 F.2d 543, 647 (10th Cir. 1989).
Having reviewed petitioner's claims, his ability to present said
claims notwithstanding his limited fluency in English, and the
complexity of the legal issues involved, the court finds the
appointment of counsel in this matter is not warranted.  <i>See</i> <u>Long v.
Shillinger</u>, 927 F.2d 525, 526-27 (10th Cir. 1991)(factors to be

considered in deciding motion for appointment of counsel).

*Screening of the Supplemented Complaint*

Because plaintiff is a prisoner, the court continues its review of the complaint as now supplemented to determine whether it or any portion thereof should be dismissed as frivolous, as failing to state a claim on which relief may be granted, or as seeking seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff pursues relief on allegations of deliberate indifference to an obvious medical need, and racial discrimination. Plaintiff states claims CCA staff failed to provide appropriate and timely medical attention for his injured hand, and seeks unspecified injunctive relief and damages for the alleged violation of his rights under the Eighth Amendment. Plaintiff also seeks damages for discrimination on the basis of race, but presents no clear allegations in support of such a claim. In his original complaint, plaintiff named the CCA, the CCA Warden, the CCA Security Director, and an unidentified physician and nurse as defendants. In his more recent supplements on court approved forms, the sole defendant identified is CCA. All other defendants are referred to as "unknown."

Plaintiff states he injured his hand during an altercation with another inmate on July 12, 2007, and was placed in solitary confinement for fighting. Thereafter, plaintiff states he received no medical treatment, examination, or x-rays for his obvious injury until days later, and claims the ice pack and ace bandage recommended by the doctor were not provided. He further states he was caused great pain and suffering by CCA staff handcuffing him

behind his back up to eight times a day without regard to the broken and dislocated bones in his hand.  Within a week of his injury, plaintiff states he was seen by an outside doctor and received an x-ray and treatment of his broken hand which subsequently healed without complications.  Plaintiff seeks injunctive relief and damages for the alleged deliberate disregard of medical treatment for his obvious injury.

Plaintiff also seeks damages for alleged racial discrimination by CCA staff in separating plaintiff from another prisoner who attempted to intercede with the CCA warden on plaintiff's behalf, and to assist plaintiff in filing a lawsuit.

In a previous order the court advised plaintiff that a <u>Bivens</u> action does not extend to private entities such as the CCA.  <u>See</u> <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61 (2001)(no implied private right of action for damages against private entities engaged in alleged constitutional violations while acting under color of federal law).  Nor is CCA a "person acting under color of state law" for the purpose of stating a claim for relief under 42 U.S.C. § 1983.  The court thus dismisses CCA as a defendant because plaintiff's allegations state no claim for relief against this defendant.

Additionally, the court finds plaintiff's allegations are unlikely to state any claim for relief against any additional unnamed defendant in plaintiff's original complaint.

A claim of racial discrimination against the CCA Warden, based upon another prisoner being moved away from plaintiff, is frivolous on the face of plaintiff's sparse allegations, and no other misconduct by the CCA warden is alleged.  Nor is any misconduct

alleged as to the remaining defendants.    After he was placed in segregation, plaintiff states the CCA Security Director told plaintiff he would contact medical staff.    Plaintiff acknowledges the Security Director did so, and there is no allegation the Security Director prevented more timely medical attention to plaintiff's injury.    Likewise, the CCA nurse who first examined plaintiff provided limited pain medication, and the CCA physician who first examined plaintiff ordered an x-ray and ice packs. Plaintiff does not allege that either of these defendants prevented him from receiving the recommended care, and plaintiff does not allege any physical injury resulting from the alleged delay in his treatment.    *See* <u>White v. Colorado</u>, 82 F.3d 364, 366-67 (10th Cir. 1996)(delay in medical treatment does not constitute a constitutional violation unless it can be shown that the delay resulted in substantial harm).

*Notice and Show Cause Order to Plaintiff*

For these reasons, the court directs plaintiff to show cause why the supplemented complaint should not be dismissed as frivolous and as stating no claim for relief.[1]    *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss

---

[1]Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

the case at any time if the court determines ....the action is frivolous or malicious; [or] fails to state a claim on which relief may be granted...").

IT IS THEREFORE ORDERED that plaintiff's motion for appointment of counsel (Doc. 9) is denied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the supplemented complaint should not be dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 15th day of January 2009 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge