IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

GERMAIN HERNANDEZ-CHAVEZ,

          Plaintiff,

Vs.                                      No. 07-3198-SAC

CORRECTIONS CORPORATION
OF AMERICA, et al.,

          Defendants.

**MEMORANDUM AND ORDER**

This case comes before the court on the plaintiff's response (Dk. 15) to the court's order of January 15, 2009, (Dk. 12) that directed the plaintiff to show cause why his "supplemented complaint" that seeks relief under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983 "should not be dismissed "as frivolous and as stating no claim for relief." (Dk. 12, pp. 1, 4). In that order, the court reminded the plaintiff that a *Bivens* action does not extend to private entities such as the defendant Corrections Corporation of America ("CCA") in Leavenworth, Kansas.[1] (Dk. 12, p. 3).

---

[1] The Supreme Court in *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001), held that a *Bivens* action for constitutional violations could not be maintained against a private entity acting under color of federal law.

The court also noted that CCA is not a person acting under state color of state law for purposes of 42 U.S.C. § 1983.[2] *Id.* Observing that the plaintiff's allegations "are unlikely to state any claim for relief against any additional unnamed defendant," the court in fulfillment of its duty to screen and dismiss a complaint or any part of it for failure to state a claim, 28 U.S.C. § 1915A(a) and (b), gave the plaintiff twenty days to show cause why his supplemented complaint should not be dismissed as stating no claim for relief.[3]

---

"There is really no dispute that CCA-LVN runs a private prison pursuant to a contract with the United States Marshal Service." *Hall v. Corrections Corporation of America*, 2008 WL 53666, at 5 (D. Kan. Jan. 3, 2008).

[2] A claim under 42 U.S.C. § 1983 applies to actions by state and local entities, not to the federal government. *Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997), *cert. denied*, 523 U.S. 1100 (1998). The plaintiff's complaint is devoid of any allegations that any defendant was acting under color of state law.

[3] In fulfilling its duty to screen an in forma pauperis complaint, the court may dismiss the complaint if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 27 (1992). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In response, the plaintiff has filed a pleading entitled "an official and expressed notice to show cause for instant civil relief, and to enlarge the suit to civil rights/public vessels (libel)." (Dk. 15). The plaintiff purports to show his entitlement to relief and to include in his suit "notice of a civil rights" claim, a "libel claim for damages under the Public Vessels Act," and "to enhance the 1983 suit/Bivens action." In this pleading, the plaintiff adds the factual allegations that after the altercation he was moved during which he was "roughed up" and his handcuffs were tightened as to cause severe pain to his broken hand. (Dk. 15, p. 2). When the plaintiff complained about the handcuffs, the guards "laughed" and told him "to stop complaining." *Id*. The plaintiff further alleges:

> The Medical department, intentionally neglected the Plaintiff when he clearly needed medical attention. Plaintiff's hand had become so swollen that it was discolored and grotesque. The CCA medical team had already said it was clear that the Plaintiff's hand was fractured adjacently. Still, no x-ray was never taken of his hand. [sic] Plaintiff had to wait a ridiculous amount of time to even get an Ice pack when the accident happened. The medical team gave the Plaintiff a 'ace bandage' to treat this accident. Plaintiff's whole arm still goes numb, and he has lost 80% of the feeling in his hand.

(Dk. 15, p. 3). The plaintiff asserts these facts establish an Eighth Amendment violation and a denial of equal protection rights that can be brought as actions under *Bivens* and 42 U.S.C. § 1983. Additionally, the

plaintiff asks:

> to include damages by the vessel of the Federal United States called the DOJ/FBI for the injury caused by this mere speculation of a crime, based on rules of hearsay from uncredible witnesses. . . .
> . . . .
> The U.S. has caused damage to a Mexican National and Merchant vessel thereof under § 785 ch. 428 § 543 statute 1113 of the Public Vessels Act.
> Plaintiff asks that this court enlarge this claim to include a civil-rights suit and a libel under the Public Vessel's Act.

(Dk. 15, p. 5).

Other than CCA, the plaintiff's response does not name anyone else allegedly involved in these incidents and does not pursue adding the names of any individual participants as defendants. The plaintiff's original complaint names two guards, Rumus and Bryant, as involved in moving and handcuffing the defendant. It also lists the titles of warden, security director, physician and nurse at CCA as defendants. In his subsequent complaints, the defendant names only CCA as a defendant and lists all other defendants as unknown. While entitled to a liberal construction, a *pro se* complaint does not make the court an advocate, and the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted). Nor does the

practice of liberal construction "relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.* (citations omitted).

As stated in its earlier order to show cause, CCA must be dismissed as a defendant. The Supreme Court has determined that *Bivens* implies no private right of action for damages against private entities, such as CCA, engaged in alleged constitutional violations while acting under color of federal law. *Malesko*, 534 U.S. at 70-74. The plaintiff's filings offer no allegations from which to find or infer that CCA, or for that matter any of the alleged actors, acted under color of state law as required for a claim under 42 U.S.C. § 1983. The plaintiff did not respond to either of these indisputable legal principles and offered no factual allegations to avoid their application.

By his response, the plaintiff purports to add a civil rights claim and a libel claim under the Public Vessels Act ("PVA"). The plaintiff refers to the defendants as "vessels" and their employees as "crew members." The PVA renders the United States liable for "damages caused by a public

vessel of the United States." 46 U.S.C. § 31102. "A public vessel is one owned or operated by the United States and used in a public capacity." *Taghadomi v. United States*, 401 F.3d 1080, 1083 (9th Cir. 2005) (quotation marks and citation omitted). "The word 'vessel' includes every description of watercraft or other artificial contrivance used, or capable of being used, as a means of transportation on water." 1 U.S.C. § 3. The defendants plainly do not meet the definition of "vessel," and the plaintiff has not alleged anything that could bring his claims within the scope of the PVA.

What remains of the plaintiff's action are any possible *Bivens* claims against the unnamed defendants. *Malesko* did not address or decide whether a *Bivens* action could be brought against CCA employees in their individual capacity for alleged constitutional violations. A growing number of courts, including those within the Tenth Circuit, have not allowed *Bivens* actions against such employees when the plaintiff has an alternative cause of action for damages under state or federal law, such as tort law claims for negligence and medical malpractice. *See, e.g., Alba v. Montford*, 517 F.3d 1249, 1253-55 (11th Cir.), *cert. denied*, 129 S. Ct. 632 2008); *Holly v. Scott*, 434 F.3d 287, 295-97 (4th Cir.), *cert. denied*, 547

U.S. 1168 (2006); *Peoples v. CCA Detention Center*, 2004 WL 2278667 (D. Kan. 2004), *aff'd,* 422 F.3d 1090 (10th Cir. 2005), *aff'd in part by equally divided court and rev'd in part*, 449 F.3d 1097 (10th Cir.) (*en banc*), *cert. denied*, 549 U.S. 1056 (2006); *Moreno v. The GEO Group, Inc.*, 2009 WL 841139, at *2-*3 (E.D. Cal. Mar. 26, 2009); *Lindsey v. Bowlin*, 557 F. Supp. 2d 1225, 1229-30 (D. Kan. 2008); *Hall v. Corrections Corporation of America*, 2008 WL 53666, at *5.  The plaintiff's claims here appear cognizable and viable under Kansas tort law as claims for negligence in the treatment and care of an injury.  The court finds that because adequate alternative state law remedies exist for the plaintiff, *Bivens* actions against possible individuals described in the plaintiff's pleadings are not available. Having failed to raise any viable federal claim in response to the show cause order, the plaintiff's complaint is subject to dismissal on this ground. To the extent, the plaintiff has alleged any state law claims, the court declines to exercise supplemental jurisdiction over them.

      IT IS THEREFORE ORDERED that the plaintiff's supplemented complaint is dismissed for failure to state a claim for relief under federal law and that the court declines to exercise supplemental jurisdiction over any pleaded state law claim.

Dated this 17th day of June, 2009, Topeka, Kansas.

        s/ Sam A. Crow
        Sam A. Crow, U.S. District Senior Judge